**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

AUG 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRIENDS OF THE WILD SWAN, INC., a
Montana nonprofit corporation; ALLIANCE
FOR THE WILD ROCKIES, a Montana
nonprofit corporation,

                Plaintiffs-Appellants,

  v.

DIRECTOR OF THE UNITED STATES
FISH & WILDLIFE SERVICE, Robyn
Thorson, Pacific Region Director; UNITED
STATES FISH AND WILDLIFE
SERVICE, an agency of the U.S.
Department of the Interior; SECRETARY,
U.S. DEPARTMENT OF THE INTERIOR,
Ryan K. Zinke, Secretary; U.S.
DEPARTMENT OF THE INTERIOR, a
federal executive department of the United
States,

                Defendants-Appellees.

No.   17-35572

D.C. No. 3:16-cv-00681-AC

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Argued and Submitted August 14, 2018
Anchorage, Alaska

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before:  HAWKINS, McKEOWN, and OWENS, Circuit Judges.

Friends of the Wild Swan, Inc. and Alliance for the Wild Rockies (collectively, "Friends") appeal the district court's order dismissing their eight claims for relief alleging various deficiencies in the U.S. Fish and Wildlife Service's ("the Service") recovery plan for the bull trout, a species listed as "threatened" under the Endangered Species Act (the "ESA"), 16 U.S.C. § 1531 *et seq*.  Friends asserted their claims pursuant to the ESA's citizen-suit provision, 16 U.S.C. § 1540(g)(1)(C), or, in the alternative, the Administrative Procedure Act (the "APA"), 5 U.S.C. § 704.  Because the parties are familiar with the facts, we do not repeat them here.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**I.     The district court properly dismissed Friends' claims under the Endangered Species Act's citizen-suit provision.**

The ESA's citizen-suit provision empowers "any person" to "commence a civil suit on his own behalf" against "the Secretary where there is alleged a failure of the Secretary to perform any act or duty under section 1533 . . . which is not discretionary with the Secretary."  16 U.S.C. § 1540(g)(1)(C).  Section 1533 provides, among other things, that in promulgating a recovery plan, the Secretary "shall, to the maximum extent practicable . . . incorporate in each plan . . . objective, measurable criteria which, when met, would result in a determination, in accordance with the provisions of this section, that the species be removed from the list."  *Id.* § 1533(f)(1)(B)(ii).

The district court properly dismissed Friends' claims brought under the ESA's citizen-suit provision. Friends' claims alleged no failure by the Service to perform a nondiscretionary duty under § 1533(f). Nor did they plausibly allege that the recovery criteria the Service employed in the plan were neither "objective" nor "measurable."

We reject Friends' new argument on appeal that the Service failed to perform a nondiscretionary duty to account for the five delisting factors in 16 U.S.C. § 1533(a)(1) in the recovery criteria. This claim appears nowhere in—and is not plausibly inferable from—Friends' complaint, aside from a rote recitation of § 1533(f). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). The district court granted Friends leave to amend their complaint to allege facts pointing to the Service's failure to perform a nondiscretionary duty. Instead, Friends chose to appeal. As Friends concede, however, our review is limited to the claims as they were raised in the original complaint. *See, e.g., Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 511 (9th Cir. 2013) (holding that a plaintiff "may not try to amend its complaint through . . . arguments on appeal") (citation and alteration omitted). Accordingly, we affirm the judgment of the district court dismissing Friends' claims under the ESA's

3

citizen-suit provision.

## II. The district court properly dismissed Friends' claims under the Administrative Procedure Act.

In the alternative, Friends asserted the same eight claims for relief pursuant to the APA, which provides that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. Because the parties agree that recovery plans are not agency actions "made reviewable by statute," the APA provides review only if a recovery plan is a "final agency action."

"For an agency action to be final, the action must (1) 'mark the consummation of the agency's decisionmaking process' and (2) 'be one by which rights or obligations have been determined, or from which legal consequences will flow.'" *Or. Nat. Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 982 (9th Cir. 2006) (quoting *Bennett v. Spear*, 520 U.S. 154, 178 (1997)). In making this determination, courts are to "focus on the practical and legal effects of the agency action," so as to determine finality "in a pragmatic and flexible manner." *Id.* (citation omitted).

The district court properly concluded that recovery plans are not "final agency actions" and dismissed Friends' claims under the APA.

Friends concede that recovery plans are not legally binding. Instead, Friends claim that the recovery plan satisfies *Bennett*'s second condition because it has

4

"direct effects on the day-to-day operations of the Service and other federal agencies." This interpretation reads far too much into *Bennett*, which did not involve an analogous situation.

The recovery plan does not create any legal rights or obligations for the Service or any third parties. *See, e.g.*, *Cascadia Wildlands v. Bureau of Indian Affairs*, 801 F.3d 1105, 1114 n.8 (9th Cir. 2015) ("The Endangered Species Act does not mandate compliance with recovery plans for endangered species."); *Conservation Cong. v. Finley*, 774 F.3d 611, 614 (9th Cir. 2014) (noting that although recovery plans "provide guidance for the conservation of those species, they are not binding authorities"). Accordingly, recovery plans are not agency actions "by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett*, 520 U.S. at 170. We affirm the district court's dismissal of Friends' claims under the APA.

**AFFIRMED.**